GreeN, J.,
delivered the opinion of the court.
The record in this case shows, that a ca. sa., issued at the suit of Walker vs. Graham, who executed a bond with Stephen Murphy and William B. Walker, his securities, conditioned to appear at the county court of Perry county, on the 3d Monday of July, 1835, to make payment of the money called for in the ca. sa., or take the insolvent debtors oath, or surrender his property as prescribed by law.
At the July term of the court, a judgment was rendered *232 against the defendant and his securities, for the amount of the debt. The judgment recites, that Walker appeared in court and presented a schedule of property, and prayed to be discharged; but the court not deeming the schedule a sufficient cause of release, and the defendant refusing to pay the debt or take the oath prescribed for insolvent debtors’, judgment was rendered against him on the bond. From this judgment an appeal was taken to the circuit court.
In the circuit court another schedule was presented to the court, sworn to, as the law directs, and the defendant moved to be discharged, which was refused by the court, and the county court judgment was affirmed. From this judgment an appeal is taken to this court.
The first question is, whether the circuit court was right in refusing to receive the schedule and surrender of the defendant’s property, and discharge him from the obligations created by the bond.
The condition of the bond was, that the defendant would appear at the July term of the county court, in 1835, and surrender his property, take the oath of insolvency, or pay the debt. It is clear, that if he did neither of these things at that time, he forfeited his right to a discharge, and the bond became absolute.
The appeal to the circuit court could only operate in the nature of a writ of error, and the circuit court, could hear no new fact, but must act upon the facts which were before the county court as contained in the record. If that court had improperly refused to discharge the party, the judgment should have been reversed, and such judgment given as should have been rendered by the county court. But if the party had failed to perform the condition of the bond, at the time specified in it for the performance, he could not be permitted to perform it afterwards, either in the county or circuit court.
The next question is, whether the county court erred in its judgment. The facts upon which the county court acted are not made part of the record by Walker a bill of exceptions. It was indispensable that this should have been done, in order that we may consider of them. We can act upon the record only, and nothing is part of the record but the pleadings, the *233 orders of court, and the bill of exceptions. The clerk has copied what purports to be a schedule presented by to the county court, and a deed to Walker’s children. But , . . ' , _ , , as we cannot consider these papers as part oí the record, there is nothing to show that the judgment of the county cotii't is erroneous. The circuit court judgment, affirming the judgment of the county court, was therefore correct, and must be affirmed.
Judgment affirmed.